1 **LAW + BRANDMEYER LLP**
Jacob Rosenberg (SBN 327598)
2 jrosenberg@lawbrandmeyer.com
385 E. Colorado Blvd., Suite 200
3 Pasadena, California 91101
(T) (626) 243-5500
4 (F) (626) 243-4799

5 *Attorney for Defendant Dr. Sebhat Afework*

6

7 **UNITED STATES DISTRICT COURT**

8 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VELANTA MONIQUE BABBITT, in her individual capacity and as parent and guardian of D.B., a minor,<br><br>*Plaintiff*,<br><br>v.<br><br>DIGNITY HEALTH, a California corporation; SEBHAT AFEWORK, M.D.; and DOES 1–25, inclusive,<br><br>*Defendants*. | Case No.: 2:24-cv-09145<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442 defendant Sebhat Afework, M.D. ("Dr. Afework"), hereby removes to this Court the state court action described below:

1. On February 16, 2016, a medical malpractice action was commenced in the Superior Court of the State of California for the County of Los Angeles, entitled *Monique Babbitt v. Dignity Health, et al.*, Case No. BC610296. A copy of the complaint and state court filings are attached hereto as Exhibit 1. The complaint

1
NOTICE OF REMOVAL

alleges that Dr. Afework was negligent during Plaintiff's labor and delivery on November 14, 2014, and seeks damages based thereupon. Ex. 1, Compl. ¶¶ 1, 14, 15.

## JURISDICTION

2. The Court has jurisdiction under 42 U.S.C. § 233(*l*)(2), a federal officer removal statute enacted specifically for the benefit of deemed U.S. Public Health Service ("PHS") employees (such as Dr. Afework).

3. The Court also has jurisdiction under 28 U.S.C. § 1442(a)(1), the general officer removal statute.

## FACTUAL AND PROCEDURAL BACKGROUND PERTINENT TO THE GROUNDS FOR REMOVAL

4. On February 16, 2016, a medical malpractice action was commenced in the Superior Court of the State of California for the County of Los Angeles.

5. On July 16, 2018, consistent with 42 U.S.C. § 233(b)'s notification scheme and HHS policy, Dr. Afework (through his counsel) submitted the state court complaint via email to the Claims and Employment Law Branch of the General Law Division of the Office of General Counsel at U.S. Department of Health and Human Services ("HHS"). HHS was obligated to "promptly" furnish copies of the complaint to the Attorney General and United States Attorney for the relevant district. 42 U.S.C. § 233(b).

6. On July 27, 2018, Dr. Afework removed plaintiff's malpractice action to federal court pursuant to 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442(a)(1).

7. On August 3, 2018, Dr. Afework filed a motion with the district court to stay proceedings and substitute the United States as the proper defendant in his place.

8. On August 14, 2018, the Attorney General, acting through the U.S. Attorney for the Central District of California, filed a "Notice to State Court Pursuant to 42 U.S.C. § 233(*l*)(1)" reporting that whether "[Dr.] Afework is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233" was still "under consideration.". Ex. 1, Notice to State Court Pursuant to 42 U.S.C. § 233(*l*)(1) at 1 (emphasis omitted).

9. On August 24, 2018, the Attorney General filed a motion in federal court to remand the case to state court.

10. On September 12, 2018, the Attorney General filed an amended notice in state court stating that "*the United States Attorney* has determined that defendant Afework is not deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the acts or omissions that are the subject of the above captioned action." Ex. 1, Amended Notice to State Court Pursuant to 42 U.S.C. § 233(*l*)(1) at 2 (emphasis added).

11. Without oral argument, the district court granted the government's motion to remand and denied Dr. Afework's motion for substitution "as moot" on November 19, 2018.

12. The district court first found that Dr. Afework's removal under 28 U.S.C. § 1442 was untimely because of the 30-day requirement for removal found in 28 U.S.C. § 1446(b). Second, the district court found that removal under 42 U.S.C. § 233(*l*)(2) was improper because Dr. Afework removed eleven days after notifying HHS's designated point of contact for deemed PHS defendants, and thus before the fifteen days referenced in 42 U.S.C. § 233(*l*)(2) had elapsed. *K.C. v. Cal. Hosp. Med. Ctr.*, No. 218CV06619, 2018 WL 5906057, (C.D. Cal. Nov. 8, 2018), *aff'd in part, appeal dismissed in part sub nom. K. C. by & through Dunmore v. Khalifa*, 816 F. App'x 111.

13. On November 26, 2018, Dr. Afework timely appealed the decision to the U.S. Court of Appeals for the Ninth Circuit. The United States moved to dismiss the appeal on February 14, 2019, which the Court denied without prejudice on May 30, 2019.

14. On August 10, 2020, the Ninth Circuit issued an unpublished memorandum decision "affirm[ing] the district court[] to the extent they held the section 1442 removals were untimely, and [] dismiss[ing] the remainder of the appeal[] for lack of jurisdiction under section 1447(d)." *K. C. by & through Dunmore v. Khalifa*, 816 F. App'x 111, 113 (9th Cir. 2020), *vacated in part*, 857 F. App'x 958 (9th Cir. 2021), and *withdrawn and superseded by Babbitt v. Health*, No. 18-56576, 2023 WL 1281668 (9th Cir. Jan. 31, 2023).

15. Because they resolved the case entirely on procedural grounds, the district court and Ninth Circuit did not address the merits of Dr. Afework's § 233 immunity defense. *Id.*; *K.C.*, 2018 WL 5906057, at *6.

16. On August 28, 2020, Dr. Afework moved for the Ninth Circuit to stay the issuance of its mandate pending his filing of a petition for certiorari in the U.S. Supreme Court. The motion was granted, and Dr. Afework filed his petition on January 7, 2021.

17. On May 17, 2021, before ruling on Dr. Afework's petition, the Supreme Court issued a decision, *BP P.L.C. v. Mayor & City Council of Baltimore*, in which it held that appellate jurisdiction under § 1447(d) extends to the entire remand order—and all asserted grounds for removal—when a case is removed in part on federal-officer grounds. 593 U.S. 230 (2021).

18. Accordingly, on May 27, 2021, the Ninth Circuit ordered that the parties file supplemental letter briefs "addressing how the [Court] ought to proceed in light of" the *BP* decision. Order, *Khalifa*, 816 F. App'x 111, Dkt. No. 66 at 2.

19. On June 14, 2021, the Supreme Court denied Dr. Afework's petition for certiorari.

20. On January 31, 2023, after receiving briefing from all parties, the Ninth Circuit withdrew its August 10, 2020, memorandum decision, and issued a renewed decision in light of *BP*. Therein, the Court concluded that "the outcome [of its prior decision] is not changed," on the grounds that (1) removal under § 1442 was untimely; and (2) § 233 removal was unwarranted because Afework removed the case only eleven days after the Attorney General received notice of the filing, "denying the Attorney General his 15 days to appear and advise." *Babbitt v. Dignity Health*, No. 18-56576, 2023 WL 1281668, at *1–2 (9th Cir. Jan. 31, 2023).

21. On September 9, 2024, the Ninth Circuit issued its published opinion in *Blumberger v. Tilley*, 115 F.4th 1113 (9th Cir. 2024). Relevant to this action, *Blumberger* holds that 42 U.S.C. § 233(*l*)(1) requires the Attorney General (or his designee) to report the HHS Secretary's "ex-ante deeming decision"—*i.e.*, the decision made in advance of any litigation and reflected in a Notice of Deeming Action—rather than the Attorney General's (or Secretary's) ex-post determination as to whether that deeming provides immunity in a particular case. *Id.* at 1132–35. Once the Attorney General reports that a defendant was "deemed" to be a PHS employee for the period at issue—even if he simultaneously reports that the defendant "was not acting within the scope of its employment during the allegedly tortious conduct"—the Attorney General is required to remove the case to federal court. *Id.* at 1134.

22. Similarly, the Ninth Circuit clarified in *Blumberger* that for any case where a deemed entity or its employee—such as Dr. Afework—has been deemed a PHS employee "'with respect to the actions or omissions' giving rise to the lawsuit . . . the Attorney General is required to provide positive notice to the state court." *Id.* at 1130.

# GROUNDS FOR REMOVAL

## Deemed Federal Employee Removal—42 U.S.C. § 233(*l*)(2)

23. Section 233(*l*)(2) provides any deemed individual or entity the right to a federal forum for a judicial determination as to the availability of a federal immunity defense. *See Friedenberg v. Lane County*, 68 F.4th 1113, 1120 (9th Cir. 2023) ("Section 233 provides that upon removal predicated on § 233(*l*)(2), 'the action shall be stayed . . . until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages ... and issues an order consistent with that determination.'") (citing 42 U.S.C. § 233(*l*)(2)); *see also Blumberger*, 115 F.4th at 1132–35 (holding that § 233(*l*)(1) obligates the Attorney General to report the Secretary's prospective "ex-ante" deeming decision to the state court within fifteen days of notice, and, on that timely report, requires removal, regardless of the Attorney General's litigation-specific coverage decision);[1] *Agyin v. Razmzan*, 986 F. 3d 168, 180 (2d Cir. 2021) ("a party who removed pursuant to § 233(*l*)(2) is entitled to an automatic stay of proceedings"); *Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113 (3d Cir. 2018) ("For section 233(*l*)(2) to have any effect, a district court must at least have jurisdiction to substitute the United States when it is appropriate to do so."); *see also Booker v. United States*, Case No. 13–1099, 2015 WL 3884813 *7 (E.D. Pa. June 24, 2015) (recognizing "removal pursuant to § 233(*l*)(2) serves the same purpose as procedure contemplated by [28 U.S.C.] § 2679(d)(3)"]).

24. The PHS Act imposes no time limit on § 233(*l*)(2) removals. *Estate of*

---

[1] The cases often cited in opposition to deemed PHS defendant's removal petitions under § 233(*l*)(2) were either reversed (*i.e.*, *Blumberger v. California Hosp. Med. Ctr.*, No. 22-cv-6066, 2022 WL 16698682 (C.D. Cal. Nov. 2, 2022)), abrogated (*i.e.*, *Sherman v. Sinha*, 843 F. App'x 870 (9th Cir. 2021)), or distinguished (*i.e.*, *Allen v. Christenberry*, 327 F.3d 1290 (11th Cir. 2003)) by the Ninth Circuit's recent decision in *Blumberger*.

*Booker v. Greater Philadelphia Health Action*, 10 F.Supp.3d 656, 665-66 (E.D. Pa. 2014) ("The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves"); *Campbell*, 732 F. App'x 113 (42 U.S.C. § 233(*l*)(2) removal is not permitted *after* entry of default judgment as that is no longer "before trial" within the meaning of § 233(c)); 42 U.S.C. § 233(c) (permits Attorney General to remove state actions on behalf of actual and deemed PHS employees "any time before trial"). Given the commanding language and unmistakable thrust of § 233(*l*), this provision should be broadly construed to facilitate the removal, hearing, and judicial determination expressly contemplated therein. *Cf. Willingham v. Morgan,* 395 U.S. 402, 406–407 (1969) (construing federal officer removal statute, 42 U.S.C. § 1442, broadly in favor of a federal forum to ascertain the availability of a federal defense arising out of official conduct). Section 233(*l*)(2), like the general officer removal statute (28 U.S.C. § 1442), operates as an exception to the well-pleaded complaint rule. *Campbell*, 732 Fed. App'x. at 117.

25.     At the time of the events at issue (November 2014), Dr. Afework was "deemed" to be an employee of PHS and immune for actions arising out of his performance of medical, surgical, or related functions within the scope of his employment with Eisner Pediatric Family Medical Center ("Eisner"), a federally-funded health center under Section 330 of the PHS Act, 42 U.S.C. § 254b.

26.     Pursuant to 42 U.S.C. § 233(g) and (h), the Secretary of HHS, through the division of Health Resources and Services Administration ("HRSA"), deemed Eisner and its employees—including Dr. Afework—to be PHS employees for calendar year 2014. The prospective determination is reflected in HRSA's Notice of Deeming Action (attached hereto as Exhibit 2) and serves as "confirmation of medical malpractice coverage for both [Eisner] and its covered individuals," which

include Dr. Afework. Ex. 2 at 2.

27. Regarding the particular effect of the Ninth Circuit's decision in *Blumberger* on this matter, the Attorney General failed to comply with his mandatory duty (under § 233(*l*)(1)) to report the Secretary's deeming determination within 15 days of receiving notice. 115 F.4th at 1132–35. The Court clarified that "the information the Attorney General must give" in their report "is 'whether the Secretary has determined' the deemed status of the employee under subsection [233](g)." *Id.* at 1132. Thus, the Attorney General's notice to the state court that Dr. Afework's status was still "under consideration," did not comply with the requirements of § 233(*l*)(1).

28. Similarly, the Attorney General also later *incorrectly* informed the state court that Dr. Afework *is not deemed* with respect to this lawsuit. More than thirty days after the Ninth Circuit issued its decision in *Blumberger*, the Attorney General has failed to correct his erroneous notice to the state court and to remove this case to federal court.

**Federal Officer Removal—28 U.S.C. § 1442**

29. Section 1442(a)(1) affords a right of removal to "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute permits removal even when the underlying federal question arises only as a defense to a state-law claim. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded complaint" rule). The general officer removal statute protects important federal interests and must be broadly construed in favor of a federal forum. *See Colorado v. Symes*, 286 U.S. 510, 517 (1932) ("It scarcely need be said that such measures

1 [allowing for federal officer removal] are to be liberally construed to give full effect to the purposes for which they were enacted."); *Willingham*, 395 U.S. at 406–07.

30. At all relevant times, Dr. Afework was acting under Eisner's federal grantor agency, HHS. Specifically, at the time of the alleged negligence on November 14, 2014, Dr. Afework provided HHS-approved medical and/or surgical services to plaintiff at the California Hospital Medical Center, which was an HHS-approved delivery site within Eisner's HHS-approved federal grant project from March 30, 2007 through September 28, 2015.

31. As Section 330 grantee, Eisner Pediatric and Family Medical Center and its employees, including Dr. Afework, assist HHS with carrying out its federal grant mission of providing health services to medically underserved populations. 42 U.S.C. § 254b(a)(l).

32. Dr. Afework's acts of providing labor and delivery services to plaintiffs was on behalf of Eisner, as a deemed federal entity that is required by Section 330 of the Public Health Service Act to provide "health services related to . . . pediatrics, obstetrics, or gynecology." 42 U.S.C. § 254b(b)(l)(A)(i)(I).

33. Further, as stated above, the Secretary of HHS issued a "final and binding" Notice of Deeming Action, which provides that Eisner Pediatric and Family Medical Center and its officers, directors, and employees, including Dr. Afework, are deemed to be federal employees of the Public Health Service for purposes of § 233(a)'s absolute immunity.

34. Dr. Afework can and does assert a colorable federal defense. Namely, he asserts that he has an absolute immunity under 42 U.S.C. § 233(a) from plaintiffs' claims of medical negligence arising out of his performance of medical, surgical, or related functions while acting within the scope of his deemed federal employment with Eisner Pediatric and Family Medical Center. *See* 42 U.S.C. § 233(g)-(n) (extending § 233(a)'s absolute immunity to deemed federal employees of the Public

Health Service); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (stating that "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all action against them for such conduct.").

Dated: October 23, 2024          Respectfully submitted,

                                     Jacob Rosenberg (SBN 327598)
                                     Law + Brandmeyer LLP
                                     jrosenberg@lawbrandmeyer.com
                                     385 E. Colorado Blvd., Suite 200
                                     Pasadena, California 91101
                                     (T) (626) 243-5500
                                     (F) (626) 243-4799

                                     *Attorneys for Defendant Dr. Sebhat Afework*

| | |
|---|---|
| 1 | **Certificate of Service** |
| 2 | On October 25, 2024, I certify that I electronically filed the foregoing with the clerk of |
| 3 | the Court for the United States District Court for the Central District of California by using |
| 4 | the CM/ECF system. |
| 5 | By: /s/ Bianca Gasca<br>Bianca Gasca |

NOTICE OF REMOVAL