UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-9145-DMG (PVCx)** | Date | January 8, 2025 |
|---|---|---|---|

| Title | ***Velanta Monique Babbitt v. Dignity Health, et al.*** | Page | **1** of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On February 16, 2016, Plaintiff Velanta Monique Babbitt, in her individual capacity and as a parent and guardian of B.D., a minor, filed a medical malpractice suit against Defendants Dignity Health and Dr. Sebhat Afework in the Los Angeles County Superior Court. Notice of Removal ("NOR"), Ex. 1 at 2–7 [Doc. # 1-1 ("Compl.")].[1] On July 27, 2018, Afework removed the case to this Court, No. CV 18-6528-DMG (FFMx) ("*Babbitt I*"), asserting jurisdiction pursuant to 28 U.S.C. sections 1331 ("federal question jurisdiction"), 1442, 2679(d), and 233. *Babbitt I* NOR at 2, [Doc. # 1]. On November 19, 2018, the Court granted the Government's motion to remand the action to state court for untimely removal under section 1442 and failure to comply with the 15-day time period set forth in section 233(l)(2). *Babbitt I* Remand Ord. at 4, [Doc. # 50]. Afework appealed, and on January 31, 2023, the Ninth Circuit affirmed this Court's order remanding the action. *Babbitt I*, [Doc. # 67].

On October 25, 2024, Afework removed the same Complaint filed in *Babbitt I* to this Court again, this time with the case number CV 24-9145-DMG (PVCx) ("*Babbitt II*"). Afework puts forth the same arguments as bases for removal, except he now also cites to the Ninth Circuit's recent opinion in *Blumberger v. Tilley* as support for his contention that this case should proceed in federal court. *See* 115 F.4th 1113 (9th Cir. 2024). Afework is correct that the Ninth Circuit's *Blumberger* opinion provided important clarity to district courts considering removal pursuant to section 233. Here, however, the Court remanded the action because Afework removed the case *only 11 days* after service. *Babbitt I* Remand Ord. at 4. Section 233 provides that the Attorney General must appear in the state court where the action was filed within *15 days* of being notified of the filing to "advise" the court whether the individual or entity has been "deemed" to be a Public Health Service ("PHS") employee, and if the Attorney General fails to do so, the individual or

---

[1] Page citations herein refer to the page number inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-9145-DMG (PVCx)** | Date | January 8, 2025 |
|---|---|---|---|

| Title | ***Velanta Monique Babbitt v. Dignity Health, et al.*** | Page | **2** of **2** |
|---|---|---|---|

entity may then remove the action to federal court.  28 U.S.C. §§ 233(l)(1)–(2) (emphasis added).  Thus, Afework's removal after only 11 days ran afoul of the clear "15 day" language of section 233, and the publishing of the *Blumberger* opinion did not change that.  As the Court explained in its previous remand order, "the text of section 233(l)(2) does not contain any [] exception to the 15-day rule."  *Babbitt I* Remand Ord. at 5.

Lastly, once a district court certifies a remand order to state court, it is "divested of jurisdiction and can take no further action on the case." *See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 413 (9th Cir. 1988); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1070 (9th Cir. 2021).  Not only did this Court already remand the action before, the Ninth Circuit affirmed the remand and issued its mandate, and the Supreme Court denied Afework's petition for writ of certiorari.

In light of the foregoing, Defendant Afework is hereby **ordered to show cause** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction.  **Afework shall file his response by no later than January 15, 2025**.  Failure to file a timely response will result in the remand of this action.

**IT IS SO ORDERED.**