**LAW + BRANDMEYER LLP**
Jacob Rosenberg (SBN 327598)
jrosenberg@lawbrandmeyer.com
385 E. Colorado Blvd., Suite 200
Pasadena, California 91101
T: 626.243.5500
F: 626.243.4799

Matthew S. Freedus
Brendan M. Tyler
**FELDESMAN LEIFER LLP**
1129 20th Street, NW, Suite 400
Washington, D.C. 20036
T: 202.466.8960
F: 202.293.8103
mfreedus@feldesman.com
btyler@feldesman.com

*Attorneys for Defendant Sebhat Afework, M.D.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| VELANTA MONIQUE BABBITT,<br><br>Plaintiff,<br><br>vs.<br><br>DIGNITY HEALTH, a California Corporation; SEBHAT AFEWORK; and DOES 1-25, inclusive,<br><br>Defendants. | NO.: 2:24−cv−09145−DMG−PVC<br><br>**RESPONSE TO COURT'S ORDER TO SHOW CAUSE, ECF No. 25** |

### DEFENDANT SEBHAT AFEWORK, M.D.'s RESPONSE TO ORDER TO SHOW CAUSE

Unchallenged by Plaintiff, this removal action—to adjudicate Dr. Afework's claim to federal immunity under 42 U.S.C. § 233(a)—is well grounded in two separate and distinct officer removal statutes, 42 U.S.C. § 233(*l*) and 28 U.S.C. § 1442(a)(1). Instead of issuing a remand order, *sua sponte* or otherwise, this Court should exercise its jurisdiction and corresponding duty to

conduct the "hearing" and make the coverage "determination" mandated by 42 U.S.C. § 233(c) and (*l*). The Court's initial remand order, *Babbitt v. Dignity Health* (*Babbitt I*), No. 18-cv-06528, ECF No. 50 (Remand Order)—which left the merits of Dr. Afework's claimed immunity unresolved—is no impediment to this second removal because it rests on a premise rejected by the Ninth Circuit's subsequent decision in *Blumberger v. Tilley*, 115 F.4th 1113 (9th Cir. 2024). *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (per curiam); *accord Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) ("Because the first remand was on 'grounds that subsequently became incorrect,' the successive removal was permissible.").

Even if the judge-made and discretionary successive removal doctrine could be applied to officer removals like this one, the *Blumberger* decision easily satisfies the doctrine's "substantial change in circumstances" exception and, thus, the grounds for removal should be considered anew. *See, e.g., Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 731 (9th Cir. 1991) ("[A] relevant change of circumstances will justify reconsideration of a successive, good faith petition for removal.") (citing *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 732 (9th Cir. 1990) for proposition that court may reconsider decision when an "intervening change in the law has occurred").[1] That *Blumberger* constitutes a significant change between the two removals is further reflected in Plaintiff's decision *not* to file a remand motion.

---

[1] The successive removal doctrine is rooted in 28 U.S.C. § 1447(d), which provides—as its primary provision—that "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The Ninth Circuit has construed that provision "to preclude not only appellate review but also reconsideration by the district court," *Seedman v. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988), "on the same grounds as the one the court had previously remanded." *Rea*, 742 F.3d at 1238 (9th Cir. 2014). But the successive removal prohibition does not apply to cases where, as here, Congress explicitly authorized review. *Id.* (recognizing Class Action Fairness Act "explicitly allows review of remand orders 'notwithstanding section 1447(d)'") (citing 28 U.S.C. § 1453(c)(1)). Likewise, § 1447(d) itself expressly mandates review of "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443. . . ." 28 U.S.C. § 1447(d); *see BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021) (holding § 1447(d)'s exception extends to *entire* remand order, *i.e.*, merits of "each and every" basis for removal, as long as one is § 1442 (or 1443)); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059 (9th Cir. 2021) (recognizing "transmittal of a remand order to the state court does not deprive a court of jurisdiction to review that order if review is not barred by § 1447(d)").

Under *Blumberger*, Dr. Afework plainly satisfies the procedural requirements for removal under § 1446(b)(3) and § 233(*l*)(2). Even if he failed to satisfy them—he did not—the Court nonetheless lacks authority to remand *sua sponte* based on any non-jurisdictional defect in procedure, absent a party's timely filed remand motion. 28 U.S.C. § 1447(c) (requiring remand motion "within 30 days after the filing of the notice of removal"); *see also Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029 (9th Cir. 2017) ("Therefore, even if a defendant fails to satisfy the time requirements of § 1446(b), the district court may not remand on that basis *unless the plaintiff files a timely motion to remand*."); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044, 1045 (9th Cir. 2014) (same). Because removal procedures are modal, "rather than jurisdictional," and "exist primarily for the protection of the parties," the Ninth Circuit—along with every other—recognizes them as waivable, and waived when, as here, no party files a timely remand motion. *See Corona-Contreras*, 857 F.3d at 1029 ("The time limits for removal specified in 28 U.S.C. § 1446(b) are procedural rather than jurisdictional"); *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (stating that "procedural requirements exist primarily for the protection of the parties" and "[l]ike personal jurisdiction" can be waived")

### I. The Initial Remand Order Applied the Wrong Legal Standard in Analyzing the Timeliness of Dr. Afework's § 1442 Removal

The Ninth Circuit's *Blumberger* decision reveals that this Court's initial remand order applied the wrong legal standard in analyzing the timeliness of Dr. Afework's § 1442 removal. That is, the Court expressly applied § 1446(b)(1)—instead of § 1446(b)(3)—in support of its conclusion that removal was untimely. *Babbitt I*, Remand Order, at 2–4.

#### A. *Blumberger* holds that a deemed defendant's § 1442 removal is governed by § 1446(b)(3) when the complaint, on its face, does not allege facts necessary for federal jurisdiction

In *Blumberger*, the Ninth Circuit found that the district court "erred in analyzing the timeliness of [the deemed physician's] § 1442 removal under § 1446(b)(1) instead of § 1446(b)(3)." *Blumberger*, 115 F.4th at 1122. Because the "case stated by the initial pleading" did not reveal "on its face the facts necessary for federal jurisdiction,'" the deemed physician

3
**RESPONSE TO ORDER TO SHOW CAUSE**

defendant was *not* required to remove within 30 days of service. *Id.* (citing § 1446(b)(1), (3), and quoting *Rea*, 742 F.3d at 1238). Instead, he had 30-days from the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* (citing § 1446(b)(1), (3)).

The temporal limitation under § 1446(b)(3), as *Blumberger* explains, is "difficult" to trigger for two reasons: (1) the initial pleading or other paper "must make a ground for removal *unequivocally clear and certain*," and (2) the defendant has no "duty of inquiry if the initial pleading or other document is indeterminate with respect to removability." *Id.* (citing *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) (emphasis added) (internal quotations and citation omitted). Section 1446(b)(3), unlike § 1446(b)(1), sets a "high bar" to prevent plaintiffs from trying to start the removal clock without the defendant's realization. *Id.* (citing *Dietrich*, 14 F.4th at 1094).

In *Blumberger*, the Ninth Circuit examined both the plaintiff's complaint and the government's state court appearances, and concluded that neither revealed a federal basis for removal. The complaint in *Blumberger*, which made no mention of the deemed physician's employer—Eisner Pediatric and Family Medical Services (Eisner)—"let alone [Eisner's] status as a deemed PHS entity" for purposes of § 233(a) immunity, did "not allege sufficient facts to alert [the physician] to his potential basis for removal based on his relationship with [the U.S. Department of Health and Human Services (HHS)]." *Blumberger*, 115 F.4th at 1122. "Instead, the complaint suggest[ed] that Dr. Tilley was employed by California Hospital Medical Center, which was not a federally funded entity." *Id*.

The government's initial appearance—asserting the physician's deemed status "is under consideration," "provided anything but 'unequivocally clear and certain' support for removal under § 1442," and its second appearance expressly disavowed the physician's relationship with the HHS. *Id.* at 1123 (observing "government's adverse decision that Dr. Tilley was not so deemed

suggests that Dr. Tilley did not qualify for § 1442 removal because he was not acting under the direction of a federal officer and is unable to assert a viable federal defense").

On this record, the *Blumberger* Court was unable to "determine when [the] 30 days under § 1446(b)(3) began to run, if at all." *Id.*[2] Thus, it remanded the case for the district court to make that determination in the first instance, even though it separately concluded that the "Attorney General should have removed the case" under § 233(*l*)(1) based on the Secretary's deeming determination for the relevant period.

### B. The initial remand order mistakenly applied § 1446(b)(1) instead of § 1446(b)(3) in analyzing the timeliness of Dr. Afework's 1442 removal

With the benefit of the *Blumberger* decision, it is now clear the initial remand order misapplied § 1446(b)(1) in concluding that Dr. Afework's § 1442 removal "was untimely," because the complaint, on its face, does not reveal a basis for federal jurisdiction. *Babbitt I* Remand Ord. at 2-3.

As in *Blumberger*, the complaint here makes no mention of any relationship between Dr. Afework and Eisner or HHS. Instead, just like the *Blumberger* complaint, it suggests that Dr. Afework worked for California Hospital Medical Center (CHMC). ECF No. 21-1, Compl. ¶ 6, 12 (alleging Dr. Afework "is a licensed physician and surgeon who practices as an obstetrician at [CMHC]" and alleging further that CHMC "undertook for compensation . . . the provision of physicians," among other providers and services). As in *Blumberger*, here, "[n]othing in the record

---

[2] Significantly, nothing precludes a federal officer removal *before* the § 1446(b)(3) clock starts to run. *Rea*, 742 F.3d at 1238 ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time."). In other words, there is no such thing as a *premature* officer removal. It would be incongruous, to say the least, for a removal under § 233(*l*)(2)—before the 15-day period runs—to be treated as jurisdictionally defective, especially in light of *Blumberger*'s explicit holding that § 233(l)(*1*) obligates the Attorney General to remove *on behalf of* a deemed defendant, regardless of the Attorney General separate, "litigation-specific" coverage determination.

suggests that [Dr. Afework] was subjectively aware of Eisner's (and therefore, his) deemed status when the complaint was filed . . ." *Blumberger*, 115 F.4th at 1122.

The government's state court appearances were virtually identical to those filed in *Blumberger*. *Babbitt I*, ECF No. 39-1 at 80–81 and 88–89, Notice of Removal, Ex. 4 (Notice to State Court and Amended Notice to State Court, respectively). The first "inaccurately" claimed that Dr. Afework's status "is under consideration" and the second "misleadingly" advised the state court he "is not deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the acts or omissions that are the subject of the above captioned action." *Blumberger*, 115 F.th at 1122 (describing government's notices as inaccurate and misleading).

Under *Blumberger*, neither the *Babbitt* complaint nor the government's notices can trigger § 1446(b)(3)'s 30-day clock. Therefore, the Court's initial conclusion—that Dr. Afework's § 1442 removal was untimely—is factually unsupported and legally incorrect. By not filing a remand motion, Plaintiff effectively concedes as much and, in any event, waived any timeliness objection. Because this case has not proceeded to trial, and § 233(a) immunity is an absolute right *not to be a party to litigation*, Dr. Afework is still entitled to, and should be afforded, the same federal forum and opportunity to challenge the Attorney General's adverse coverage determination (*i.e.*, a "hearing as to whether the deemed employee was acting within the scope of his employment when he committed the allegedly tortious conduct") that the Ninth Circuit afforded the deemed federal physician, and Eisner employee, in *Blumberger*. *Id.* at 1119 (recognizing "United States is free to contest whether [deemed physician] was acting within the scope of his employment vis-à-vis the alleged acts of negligence" in removed action).[3]

---

[3] Notably, the *Blumberger* Court—after argument but before issuing its decision—ordered the parties to file supplemental briefs "informing the Court of the status of the proceedings in the state court and addressing whether the Court should direct the district court to recall its remand order pending resolution of this appeal." *Blumberger*, No. 22-56032 (9th Cir.), Dkt. No. 63 (Order) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009), and *Acad. of Country Music*, 991 F.3d at 1070).

II. **The Initial Remand Order Misconstrued § 233(*l*) and Failed to Recognize that the Attorney General was Obligated to Remove this Action on Behalf of Dr. Afework**

A. **Section § 233(*l*)(1) obligates the Attorney General to effectuate removal where, as here, the Secretary deemed the defendant to be a PHS employee for the relevant period**

In *Blumberger*, the Ninth Circuit reversed the district court's conclusion "that the Attorney General's . . . notice to the state that [the defendant's] deeming status was 'under consideration' satisfied the advice requirement of § 233(*l*)(1)" and thereby precluded removal and judicial review of the Attorney General's adverse coverage determination. *Id*. at 1117, 1140. There, the Ninth Circuit construed § 233(*l*)(1) to obligate the Attorney General to advise the state court of the HHS Secretary's "ex-ante" conferral of deemed federal status within fifteen days of notice, and, on that timely report, to mandate removal, regardless of the Attorney General's separate, "ex-post" coverage decision. *Id*. at 1129 ("§ 233(*l*)(1) obligates the Attorney General to report on the Secretary's deeming decision, not to report the Attorney General's ultimate coverage decision.").

As the Ninth Circuit explained, the "key to unlocking" the meaning of § 233(*l*) is in understanding the distinction Congress drew between the "different determinations made by different department heads." *Id*. at 1127–29. Section 233 provides the Secretary, who has "expertise in administering healthcare policies and services," exclusive authority to designate health centers and their personnel as federal employees for purposes of § 233(a) immunity. *Id*. at 1128. To carry out that responsibility, the Secretary must "prescribe" an "application," § 233(g)(1)(D), to ensure, among other things, that each health center "has implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health related functions performed by the entity." § 233(h)(1). The Secretary's approval of that application—its deeming determination—prospectively applies to a specified calendar year

---

When the Ninth Circuit learned—from the parties' submissions—that it could issue its decision before the trial date, it chose not to recall the remand order pending its final decision. *See* Dkt. Entry No. 70 ("In light of the current state-court trial date, the panel sees no need to direct the federal district court to recall its remand order pending disposition of this appeal. The parties are requested to inform the Court of any material change in circumstances, and they may renew their request in such an event.").

7
**RESPONSE TO ORDER TO SHOW CAUSE**

and affords the health center applicant (and its personnel) a federal-employee status that is "final and binding" on the Attorney General in any subsequent litigation. § 233(g)(1)(F). In contrast, the Attorney General, with expertise in representing the interests of the United States and defending the public fisc, is tasked with making a "litigation-specific" coverage decision and defending individuals or entities covered by § 233(a). § 233(b), (c). *Blumberger*, 115 F.4th at 1128–29.

Given the Act's clear "division of labor," it makes sense, as the *Blumberger* Court observed, for the Secretary's deeming determination—the only determination referenced in § 233(*l*)(1)—to confer *federal jurisdiction* and obligate the Attorney General to remove the action. *Id*. at 1128. As the Ninth Circuit made pellucid—"it is an employee's deemed status," determined by the Secretary under § 233(g) and (h), "not *covered* status," determined by the Attorney General under § 233(c), "that triggers the removal provisions of § 233(*l*)(1)." *Id*. at 1134 (emphasis added). Thus, "[a]ny advice the Attorney General may give to the state court about its ultimate coverage decision has no legal consequence—one way or another—under § 233(l)(1)." *Id*. The Attorney General's ex-post coverage determination, in other words, can neither retroactively strip a health center's deemed federal status nor deprive the court of its jurisdiction over the immunity defense.[4]

**B. The initial remand order failed to recognize that § 233(*l*)(1) obligated the Attorney General to remove this action on behalf of Dr. Afework and, in turn, mistakenly concluded that his removal was procedurally improper or defective under § 233(*l*)(2)**

The initial remand order erroneously concludes that Dr. Afework's § 233(*l*)(2) "removal was improper because the Attorney General did not 'fail to appear' within '15 days after being notified' of the state court action." *Babbitt I* Remand Ord. at 4–5 (citing 42 U.S.C. 233(*l*)(1)–(2)). Even though the "15-day period ultimately elapsed without the Government making any appearance in the state court proceedings," the Court found that a removal, prior to the expiration of the 15-day period, amounts to an inexcusable "defect[] in a statutorily-mandated removal procedure," absent an explicit statutory "exception to the 15-day rule." *Id*. at 5; *see also id*. at 4

---

[4] That *Blumberger* vacated a remand order based on the government's violation of § 233(*l*)(1)—without having to determine if § 233(*l*)(2) was available to Dr. Tilley—confirms that § 233(*l*)(2)'s timing component is not jurisdictional. *Blumberger*, 115 F.4th at 1134 ("[I]t is an employee's deemed status … that *triggers the removal provisions of* § 233(*l*).") (emphasis added).

(citing *Allen v. Christenberry*, 327 F.3d 1290, 1294–95 (11th Cir. 2003) for the proposition that non-compliance with the "15-day rule" renders a removal "procedurally improper").[5]

The initial remand order's fundamentally mistaken premise—which *Blumberger* rejects—is that § 233(*l*)(1) and § 233(*l*)(2)'s 15-day window inure to the benefit of the Attorney General. Through that lens, the Court (mis)perceived an "early" removal—before 15-days elapse—as denying or depriving the Attorney General of some unspecified benefit or opportunity under 233(*l*).[6] *See Babbitt v. Health*, No. 18-56576, 2023 WL 1281668 (9th Cir. Jan. 31, 2023) ("The district court [] remanded the § 233 removal on the basis that it was too early, *denying the Attorney General his 15 days to appear and advise.*") (emphasis added).

As *Blumberger* makes clear, however, the Attorney General's two-part obligation under § 233(*l*)(1)—to appear and advise—contemplates a single purpose—*i.e.*, removal *on behalf of* the deemed defendant, regardless of the Attorney General's ability to make a coverage determination in that timeframe—much less its outcome. *Blumberger*, 115 F.4th at 1134 (recognizing § 233(*l*)(1) is not designed to afford the Attorney General an opportunity to make a coverage decision prior to removal).

With *Blumberger*'s reading of § 233(*l*), it is no longer plausible to say that a deemed

---

[5] As the *Blumberger* decision observes, "*Allen* involved a unique set of circumstances." *Blumberger*, 115 F.4th at 1132. Properly read, *Allen* is in harmony with *Blumberger*. Indeed, *Allen* expressly recognizes that "Congress . . . predicated removal upon either an affirmative deeming by the Secretary or the Attorney General's failure to appear and advise the court within a prescribed period of time." *Allen*, 327 F.3d at 1296. As *Allen* acknowledges, had the Attorney General confirmed the Secretary's positive deeming determination as to the relevant period, such advice would have required removal under § 233(*l*)(1). *Id*. at 1294 ("If [the Attorney General] advises the court that HHS has determined that the employee is deemed an employee of PHS . . . the Attorney General *must remove the case to federal court*"); *accord Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("§ 233(l)(1) itself says that compliance with its terms also serves to 'satisfy the provisions of subsection (c).'").

[6] From the United States's perspective, the "benefit" it stood to lose, and sought to establish in *Blumberger*, is the ability to preclude removal and review of executive action. *See* United States's Pet. for Reh'g En Banc, *Blumberger v. Tilley*, No. 22-56032, Dkt. No. 82 (9th Cir., filed Nov. 25, 2024) ("As all courts of appeals to consider the issue have concluded, this appearance by the government precludes removal by the defendant."). The Ninth Circuit squarely rejected that construction. *Blumberger*, 115 F.4th at 1137 ("[I]f one thing about § 233 is plain, it is that Congress did not plainly commit this [scope of employment] inquiry to the unreviewable judgment of the Attorney General").

9
**RESPONSE TO ORDER TO SHOW CAUSE**

defendant's removal—prior to the expiration of the 15-day period under § 233(*l*)(2)—deprives the Attorney General of anything, or that such a removal is "procedurally improper," so as to bar jurisdiction, especially in the absence of timely remand motion. Had the Attorney General advised the state court of the Secretary's favorable deeming decision, as required by § 233(*l*)(1), "the Attorney General would have been obligated to remove the case to federal court." *Id*. at 1135. If anything, Dr. Afework merely did what the Attorney General should have, but failed, to do. Indeed, § 233(*l*)(2) "contemplates," and provides a failsafe for, that very situation. *Id*. at 1119 ("If the Attorney General fails to appear" for the single purpose identified in § 233(*l*)(1), the case "shall be removed to federal court . . .") (citing § 233(*l*)(2)).

## Conclusion

For the forgoing reasons, the Court should exercise its jurisdiction under 42 U.S.C. § 233(*l*) and 28 U.S.C. § 1442(a)(1) to conduct the "hearing" and make the immunity "determination" contemplated by 42 U.S.C. § 233(c) and (*l*).

Dated: January 29, 2025          Respectfully submitted:

Jacob Rosenberg
**LAW + BRANDMEYER LLP**
385 E. Colorado Blvd., Suite 200
Pasadena, California 91101
626.243.5500
jrosenberg@lawbrandmeyer.com

s/ *Matthew S. Freedus*
Matthew S. Freedus
Brendan M. Tyler
**FELDESMAN LEIFER LLP**
1129 20th Street, NW, Suite 400
Washington, D.C. 20036
202.466.8960
mfreedus@feldesman.com
btyler@feldesman.com

*Attorneys for Defendant Sebhat Afework, M.D.*